UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICKSVILLE WATER DISTRICT,<br><br>    Plaintiff,<br><br>  v.<br><br>THE DOW CHEMICAL COMPANY, FERRO CORPORATION, VULCAN MATERIALS COMPANY, PROCTER & GAMBLE COMPANY, SHELL OIL COMPANY, individually and doing business as SHELL CHEMICAL, LP,<br><br>    Defendants. | CIVIL CASE NO.: _____<br><br>NOTICE OF REMOVAL<br>(DIVERSITY)<br><br>**[Removed from the Supreme Court of the State of New York, County of Nassau, Index No. 613197/2019]** |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants The Dow Chemical Company, Ferro Corporation, Legacy Vulcan, LLC, formerly known as Vulcan Materials Company, The Procter & Gamble Company, and Shell Oil Company, individually and doing business as Shell Chemical, L.P. (together, the "Defendants"), hereby give notice that the above-captioned action, pending in the Supreme Court of the State of New York, County of Nassau, is hereby removed to the United States District Court for the Eastern District of New York.  In support of removal, Defendants respectfully state as follows:

### GROUNDS FOR REMOVAL

1. On September 23, 2019, Plaintiff Hicksville Water District ("Plaintiff") filed a Complaint entitled *Hicksville Water District v. The Dow Chemical Company, Ferro Corporation, Vulcan Materials Company, Proctor & Gamble Company, Shell Oil Company, individually and doing business as Shell Chemical, LP,* Index No. 613197/2019 ("Complaint" or "Compl."), in the Supreme Court of the State of New York, County of Nassau.  The Complaint alleges that Defendants are "manufacturers, distributors, retailers and promoters of 1,4-Dioxane

and/or industrial or commercial products that contain 1,4-Dioxane" and that Defendants allegedly "caused the contamination of Plaintiff's supply wells" with 1,4-dioxane. (Compl. ¶ 1.)

2. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) Defendants have satisfied the procedural requirements for removal; and (ii) this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3. No previous application has been made for the relief requested herein.

I. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. Plaintiff filed the Complaint in the Supreme Court of the State of New York, County of Nassau, on September 23, 2019. None of the Defendants has yet been served with the summons and the complaint, and no further proceedings have been had in this action.

5. This Notice of Removal is timely. *See* 28 U.S.C. § 1446(b) (notice of removal to be filed within 30 days of service of the initial pleading or summons, as applicable); *see also La Russo v. St. George's Sch. of Med.*, 747 F.3d 90, 97 (2d Cir. 2014) ("Service of process upon a removing defendant is not a prerequisite to removal.").

6. Removal of this case to the United States District Court for the Eastern District of New York is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 112(c) (stating that the "Eastern District" includes the County of Nassau).

7. Pursuant to 28 U.S.C. § 1446(a), removing defendants are required to attach to the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiff has yet to serve any pleadings or papers on Defendants in this action. However, attached hereto as Exhibit 1 is a copy of the Summons and Complaint filed in this action.

8.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal upon counsel for Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of Nassau.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     There is complete diversity between Plaintiff and the Defendants.

10.     According to the allegations in the Complaint, Plaintiff is a water district in Nassau County, New York.  (*See* Compl. ¶¶ 2, 31-32, 78.)  Based on the face of the Complaint, Plaintiff is a citizen of New York.

11.     As alleged in the Complaint, Defendant The Dow Chemical Company is a corporation organized under the laws of Delaware with its principal place of business in Michigan (*id*. ¶ 42); Defendant Ferro Corporation is a corporation organized under the laws of Ohio with its principal place of business in Ohio (*id*. ¶ 49); Defendant Vulcan Materials Company[1] is a corporation organized under the laws of New Jersey with its principal place of business in Alabama (*id*. ¶ 56); Defendant Procter & Gamble Company is a corporation organized under the laws of Ohio with its principal place of business in Ohio (*id*. ¶ 63); and Defendant Shell Oil Company, individually and doing business as Shell Chemical, LP, is a corporation organized under the laws of Delaware with its principal place of business in Texas

---

1.  Vulcan Materials Company is now known as Legacy Vulcan, LLC, which is a limited liability company organized under the laws of Delaware, with its principal place of business in Alabama.  Legacy Vulcan, LLC's sole member is Vulcan Materials Company, a New Jersey corporation with its principal place of business in Alabama.

(*id.* ¶ 70). Therefore, for purposes of assessing diversity of citizenship, none of the Defendants is a citizen of the State of New York. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

12. Accordingly, there is complete diversity between Plaintiff and all Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.[2]

### B. The amount in controversy requirement is satisfied.

13. Plaintiff seeks compensatory damages in the amount of $300 million and punitive damages in the amount of $600 million. (*See* Compl., Prayer for Relief ¶¶ 2-3.) Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied because Plaintiff seeks an amount greater than $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

\*   \*   \*

14. By filing this Notice of Removal, Defendants do not (i) waive any applicable defenses, jurisdictional or otherwise, which they may possess; (ii) admit to any wrongdoing or to the allegations contained in the Complaint, or (iii) concede that Plaintiff has stated a claim against any of them.

**WHEREFORE**, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of Nassau, to this Court.

---

2. The removal statute also requires that none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Although Defendants have not been served in this action, as discussed above (*supra* at ¶ 11), none of the Defendants is a citizen of the State of New York, the state in which Plaintiff has filed this action. Accordingly, the requirement at 28 U.S.C. § 1441(b)(2), insofar as it is deemed to apply here, is also satisfied.

Dated: New York, New York
       October 4, 2019

Kevin T. Van Wart, P.C. (pending filing of *pro hac* application)
Nader R. Boulos, P.C. (pending filing of *pro hac* application)
Jonathan N. Adair (pending filing of *pro hac* application)
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
kevin.vanwart@kirkland.com
nader.boulos@kirkland.com
jonathan.adair@kirkland.com

Joel A. Blanchet
PHILLIPS LYTLE LLP
One Canalside 125 Main Street
Buffalo, NY 14203
Telephone: (716) 847-8400
jblanchet@phillipslytle.com

*Counsel for The Dow Chemical Company*

Stephen C. Dillard (pending filing of *pro hac* application)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
steve.dillard@nortonrosefulbright.com

Felice B. Galant
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
felice.galant@nortonrosefulbright.com

*Counsel for Legacy Vulcan, LLC, formerly known as Vulcan Materials Company*

Respectfully submitted,

By: /s/ Robb W. Patryk
   Robb W. Patryk
   HUGHES HUBBARD & REED LLP
   One Battery Park Plaza
   New York, New York 10004
   Telephone: (212) 837-6000
   Fax: (212) 422-4726
   robb.patryk@hugheshubbard.com

*Counsel for Ferro Corporation*

Diane P. Sullivan
David J. Lender
Jed P. Winer
Rachel Farnsworth
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Diane.Sullivan@weil.com
David.Lender@weil.com
Jed.Winer@weil.com
Rachel.Farnsworth@weil.com

*Counsel for The Procter & Gamble Company*

5

Megan R. Brillault
Daniel M. Krainin
Paula J. Schauwecker
BEVERIDGE & DIAMOND, P.C.
477 Madison Avenue, 15th Floor
New York, New York 10022
Telephone:  (212) 702-5400
mbrillault@bdlaw.com
dkrainin@bdlaw.com
pschauwecker@bdlaw.com

*Counsel for Shell Oil Company, individually and doing business as Shell Chemical LP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2019, I caused a copy of the foregoing JOINT NOTICE OF REMOVAL and its attachments to be served via Federal Express, Overnight Delivery, on the following:

Paul J. Napoli, Esq.
Tate J. Kunkle, Esq.
Napoli Shkolnik, PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017

*Attorneys for Plaintiff*

Stephen C. Dillard, Esq.
Norton Ruse Fulbright US LLP
1301 McKinney, Suite 1500
Houston, Texas 77010

*Attorneys for Defendant Legacy Vulcan, LLC, formerly known as Vulcan Materials Company*

Megan R. Brillault, Esq.
Beveridge & Diamond, P.C.
477 Madison Avenue, 15th Floor
New York, New York 10022

*Attorneys for Defendant Shell Oil Company, individually and doing business as Shell Chemical LP*

Kevin T. Van Wart, Esq.
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, Illinois 60654

*Attorneys for Defendant The Dow Chemical Company*

Diane P. Sullivan, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

*Attorneys for Defendant The Procter & Gamble Company*

I certify that I am over the age of 18 years and not a party to this action.

I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 4, 2019.

John M. Kilgard

7