**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

HICKSVILLE WATER DISTRICT,

        Plaintiff,

    v.

THE DOW CHEMICAL COMPANY,
FERRO CORPORATION, VULCAN
MATERIALS COMPANY, PROCTER &
GAMBLE COMPANY, SHELL OIL
COMPANY, individually and doing business
as SHELL CHEMICAL, LP,

        Defendants.

Case No. 19-cv-5632-NG-RLM

**DEFENDANT FERRO CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT & JURY DEMAND**

Ferro Corporation ("Ferro"), by and through its attorneys, hereby answers the Complaint in this action (the "Complaint," Dkt. No. 1-1) as follows:

## STATEMENT OF FACTS

1.    Ferro denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiff has filed this action against Defendants, but denies that there is any legal or factual basis for Plaintiff's claims against Ferro.

2.    Ferro denies the allegations in Paragraph 2 of the Complaint, except admits that during a certain period of time which ended in 2008, Ferro manufactured and sold 1,4-dioxane products, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 insofar as they are directed at the other defendants.

3.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 3 of the Complaint. The second sentence of said paragraph contains legal conclusions as to which no response is required; if a response is deemed required, Ferro directs the Court to the Safe Drinking Water Act.

95658139

4.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7.    Ferro denies the allegations in Paragraph 7 of the Complaint, except that it states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

8.    Ferro denies the allegations in Paragraph 8 of the Complaint, except that it states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

9.    Ferro denies the allegations in Paragraph 9 of the Complaint, except that it states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

## BACKGROUND ON 1,4-DIOXANE

10.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, except admits that 1,4-dioxane is a synthetic industrial chemical, and that it has been used and is found in many products.

11.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, except admits that there are many potential uses of 1,4-dioxane and that 1,4-dioxane has been used as a stabilizer for 1,1,1-trichloroethane ("TCA").

95658139

12.     Ferro denies the allegations contained in Paragraph 12 of the Complaint, except admits that in its November 2017 Technical Fact Sheet for 1,4-dioxane, the U.S. Environmental Protection Agency ("EPA") classified 1,4-dioxane as "'likely to be carcinogenic to humans' by all routes of exposure."

13.     Ferro denies the allegations in Paragraph 13 of the Complaint.

14.     Ferro denies the allegations in Paragraph 14 of the Complaint.

15.     Ferro denies the allegations in Paragraph 15 of the Complaint, except that it states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

16.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except admits that there is no federal or New York State MCL for drinking water specific to 1,4-dioxane.

17.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 of the Complaint.

18.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     Ferro admits, on information and belief, that in December 2018 the New York State Drinking Water Quality Council recommended an MCL of 1.0 part per billion for 1,4-dioxane.  Ferro lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

95658139

21.     Ferro lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint, but avers, on information and belief, that in or around July 2019 the New York State Department of Health commenced a regulatory process to adopt an MCL of 1.0 part per billion for 1.4-dioxane.

22.     The allegations in Paragraph 22 of the Complaint are legal conclusions to which no response is required.

23.     The allegations in Paragraph 23 of the Complaint are legal conclusions to which no response is required.

24.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, including the allegations contained in subparts a-j of said paragraph.

26.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, except that it states that, during a certain period of time which ended in 2008, Ferro manufactured and sold 1,4-dioxane products.

27.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, except that it understands, on information and belief, that there are consumer products that contain 1,4-dioxane as a by-product of manufacture.

29.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

95658139

30.     With regard to Paragraph 30 of the Complaint, Ferro admits that Plaintiff asserts certain claims and purports to seek certain damages as described in said paragraph, but denies that there is any legal or factual basis to sustain those claims, or support any recovery, against Ferro.

## THE PARTIES

31.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Ferro denies the allegations contained in Paragraph 34 of the Complaint.

35.     Ferro denies the allegations contained in Paragraph 35 of the Complaint.

36.     Ferro denies the allegations contained in Paragraph 36 of the Complaint insofar as they are directed at Ferro, and states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

37.     Ferro denies the allegations contained in Paragraph 37 of the Complaint insofar as they are directed at Ferro, and states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they are directed at the other defendants.

38.     Ferro denies the allegations contained in Paragraph 38 of the Complaint.

39.     Ferro denies Paragraph 39 insofar as it is directed at Ferro.

40.     Ferro admits that Plaintiff purports to allege a definition of Defendants that supports "joint and several" activity or liability, but denies there is any basis for such an assertion against Ferro.

95658139

41.     The allegations contained in Paragraph 41 of the Complaint are legal conclusions and purported definitions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

42.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     With respect to Paragraph 49 of the Complaint, Ferro admits that it is an Ohio corporation with its principal place of business in Mayfield Heights, Ohio.  The remaining allegations in Paragraph 49 are legal conclusions as to which no response is required.  If a response is deemed required, Ferro denies said allegations.

50.     Ferro denies the allegations contained in Paragraph 50 of the Complaint.

51.     Ferro denies the allegations contained in Paragraph 51 of the Complaint.

95658139

52.     The allegations contained in Paragraph 52 of the Complaint are legal conclusions as to which no response is required.  If a response is deemed required, Ferro denies said allegations.

53.     Ferro denies the allegations contained in Paragraph 53 of the Complaint.

54.     Ferro denies the allegations contained in Paragraph 54 of the Complaint, except admits that it derives revenue from interstate commerce.

55.     Ferro denies the allegations contained in Paragraph 55 of the Complaint.

56.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Ferro denies the allegations contained in Paragraph 77 of the Complaint insofar as they are directed at Ferro, and states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they are directed at the other defendants.

## VENUE

78.     The allegations contained in Paragraph 78 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

## JURISDICTION

79.     The allegations contained in Paragraph 79 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

## AS AND FOR A FIRST CAUSE OF ACTION: STRICT PRODUCTS' LIABILITY FOR DEFECTIVE DESIGN

80.     Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

81.     The allegations in Paragraph 81 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

82.     Ferro denies the allegations in Paragraph 82 of the Complaint.

95658139

83.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, except denies said allegations insofar as they are directed at products manufactured by Ferro.

84.    Ferro denies the allegations in Paragraph 84 of the Complaint.

85.    Ferro denies the allegations in Paragraph 85 of the Complaint.

86.    Ferro denies the allegations in Paragraph 86 of the Complaint.

    a.   Ferro denies the allegations in Paragraph 86.a.

    b.   Ferro denies the allegations in Paragraph 86.b.

    c.   Ferro denies the allegations in Paragraph 86.c insofar as they are directed at Ferro and its products, and states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations as to the other defendants.

    d.   Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.d.

87.    Ferro denies the allegations in Paragraph 87 of the Complaint.

88.    The allegations in Paragraph 88 are legal conclusions as to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

89.    Ferro denies the allegations in Paragraph 89 of the Complaint.

90.    Ferro denies the allegations contained in Paragraph 90 of the Complaint.

91.    Ferro denies the allegations contained in Paragraph 91 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION:
## STRICT PRODUCTS' LIABILITY FOR FAILURE TO WARN

92.    Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

95658139

93.     The allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

94.     Ferro denies the allegations contained in Paragraph 94 of the Complaint.

95.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, except denies said allegations insofar as they are directed at Ferro.

96.     Ferro denies the allegations contained in Paragraph 96 of the Complaint.

97.     Ferro denies the allegations contained in Paragraph 97 of the Complaint.

98.     Ferro denies the allegations in Paragraph 98 insofar as they are directed at Ferro. Ferro incorporates its answers to Paragraphs 52 and 53 as though set forth here in full.

99.     Ferro denies the allegations in Paragraph 99, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding warnings or measures by the other defendants.

100.     Ferro denies the allegations in Paragraph 100, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants.

101.     The allegations contained in Paragraph 101 are legal conclusions as to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

102.     Ferro denies the allegations contained in Paragraph 102 of the Complaint.

103.     Ferro denies the allegations contained in Paragraph 103 of the Complaint.

104.     Ferro denies the allegations contained in Paragraph 104 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION:  PUBLIC NUISANCE**

105.     Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

95658139

106.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro admits that the public should have potable water available, and denies the remaining allegations.

108.    Ferro denies the allegations contained in Paragraph 108 of the Complaint.

109.    Ferro denies the allegations contained in Paragraph 109 of the Complaint.

110.    Ferro denies the allegations contained in Paragraph 110 of the Complaint.

111.    Ferro denies the allegations contained in Paragraph 111 of the Complaint.

112.    Ferro denies the allegations contained in Paragraph 112 of the Complaint.

113.    Ferro denies the allegations contained in Paragraph 113 of the Complaint.

114.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.    Ferro denies the allegations contained in Paragraph 115 of the Complaint.

116.    Ferro denies the allegations contained in Paragraph 116 of the Complaint.

117.    Ferro denies the allegations contained in Paragraph 117 of the Complaint.

118.    Ferro denies the allegations contained in Paragraph 118 of the Complaint.

119.    Ferro denies the allegations contained in Paragraph 119 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION:  NEGLIGENCE

120.    Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

121.    The allegations contained in Paragraph 121 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

95658139

122.    The allegations contained in Paragraph 122 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

123.    Ferro denies the allegations contained in Paragraph 123 of the Complaint.

124.    Ferro denies the allegations contained in Paragraph 124 of the Complaint.

125.    Ferro denies the allegation contained in Paragraph 125 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION:  TRESPASS

126.    Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

127.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128.    Ferro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    Ferro denies the allegations contained in Paragraph 129 of the Complaint.

130.    Ferro denies the allegations contained in Paragraph 130 of the Complaint.

131.    Ferro denies the allegations contained in Paragraph 131 of the Complaint, except admits that, during a certain period of time which ended in 2008, it manufactured and sold 1,4-dioxane products.

132.    Ferro denies the allegations contained in Paragraph 132 of the Complaint.

133.    Ferro denies the allegations contained in Paragraph 133 of the Complaint.

134.    The allegations contained in Paragraph 134 of the Complaint are legal conclusions to which no response is required.  Insofar as a response is deemed required, Ferro denies said allegations.

135.    Ferro denies the allegations contained in Paragraph 135 of the Complaint.

95658139

136.     Ferro denies the allegations contained in Paragraph 136 of the Complaint.

137.     Ferro denies the allegations contained in Paragraph 137 of the Complaint.

138.     Ferro denies the allegations contained in Paragraph 138 of the Complaint.

139.     Ferro denies the allegations contained in Paragraph 139 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION:  PRIVATE NUISANCE**

By an e-mail from Plaintiff's counsel to Weil, Gotshal & Manges LLP (counsel for
defendant The Procter & Gamble Company), dated on or about November 19, 2019, Plaintiff's
counsel agreed to withdraw the claim for Private Nuisance (alleged in Paragraphs 140 through
148 of the Complaint).  Thus, no responsive pleading is required for the foregoing paragraphs.
However, Ferro is responding herein to Paragraphs 140-48 for protective purposes.

140.     Ferro incorporates its answers to each of the preceding paragraphs as though set
forth here in full.

141.     Ferro lacks knowledge or information sufficient to form a belief as to the truth of
the allegations contained in Paragraph 141 of the Complaint.

142.     Ferro denies the allegations contained in Paragraph 142 of the Complaint.

143.     Ferro denies the allegations contained in Paragraph 143 of the Complaint.

144.     Ferro denies the allegations contained in Paragraph 144 of the Complaint.

145.     The allegations contained in Paragraph 145 of the Complaint are legal
conclusions to which no response is required.  Insofar as a response is deemed required, Ferro
denies said allegations.

146.     Ferro denies the allegations contained in Paragraph 146 of the Complaint.

147.     Ferro denies the allegations contained in Paragraph 147 of the Complaint.

148.     Ferro denies the allegations contained in Paragraph 148 of the Complaint.

95658139

## PUNITIVE DAMAGES

149.     Ferro incorporates its answers to each of the preceding paragraphs as though set forth here in full.

150.     Ferro denies the allegations contained in Paragraph 150 of the Complaint, except that it states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they relate to any alleged actions or inactions by the other defendants.

## GENERAL DENIAL

Ferro denies every allegation in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims alleged in the Complaint, without admission that it carries the burden of proof of any of the matters set forth below, Ferro asserts the affirmative defenses listed below.  Ferro's assertion of affirmative defenses in this Answer does not constitute a waiver of any applicable affirmative or other defenses.  At this time, Ferro has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and Ferro reserves the right to raise additional affirmative defenses as they become known to it.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim on which relief can be granted against Ferro.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint and each cause of action thereof is barred by application of the statute of limitations.

95658139

## THIRD AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's Complaint, and each cause of action therein, is vague and uncertain.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff has failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unreasonably delayed the commencement of this action and prejudiced Ferro whereby the Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff, by its acts, conduct, and omissions, has waived the claims alleged in the Complaint and each cause of action therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, by its acts, conduct, and omissions, is estopped from asserting claims alleged in the Complaint and each cause of action therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff engaged in inequitable conduct directly related to the claims asserted in Plaintiff's Complaint.  Plaintiff's claims are therefore barred by the doctrine of unclean hands.

95658139

## NINTH AFFIRMATIVE DEFENSE

### (Res Judicata/Primary Right)

Plaintiff's claims for injury to its property are barred by the doctrines/theories of res judicata, primary right, bar, and/or merger.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's alleged damages, if any, are completely, or in part, the product of Plaintiff's failure to mitigate these alleged damages as required by law.  Because of this failure to mitigate, Plaintiff is barred from recovery for the alleged losses or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

Ferro denies any and all liability to Plaintiff, but if liability is found, Plaintiff should be limited in seeking recovery from Ferro to that proportion of the alleged injuries and damages for which Ferro is found liable or responsible under an applicable legal theory.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Negligence)

At the time of the incidents alleged in Plaintiff's Complaint, Plaintiff and others failed to exercise reasonable or ordinary care such that the injuries and damages allegedly sustained by Plaintiff were actually or proximately caused or contributed to by Plaintiff's and others' negligent acts, conduct, and omissions.  Ferro therefore has no liability to Plaintiff, or in the alternative, Ferro is only liable, if at all, in an amount equal to its proportionate fault, if any, based on Plaintiff's comparative fault/negligence.

95658139

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

Other parties or entities, unrelated to Ferro, whether or not parties to this action, proximately caused the damages, if any, alleged in the Plaintiff's Complaint.  Should any damages be awarded, they must be apportioned among all such other persons or entities.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

At all times mentioned in Plaintiff's Complaint, Plaintiff knew of and appreciated, or in the exercise of ordinary care should have known or appreciated, the risk of the injuries or damages alleged in the Complaint, if any, and nevertheless did freely and voluntarily assume said risk, and this undertaking proximately caused and contributed to the losses, injuries, or damages, if any, alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Warnings)

The 1,4-dioxane products manufactured and sold by Ferro were accompanied by adequate warnings associated with their foreseeable use(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Use of Products)

Any injuries or damages suffered by Plaintiff were caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use or misuse of the products by Plaintiff or others.

95658139

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Benefits Outweigh Any Risk of Danger)

The benefits of the products, chemicals and compounds referred to in Plaintiff's Complaint outweigh the risks of danger, if any, inherent in such products, chemicals and compounds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

Plaintiff has suffered no damages as a result of any act or omission by Ferro and therefore Plaintiff is barred from asserting any cause of action against Ferro.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Any action or omission, or the breach or fault, if any, of Ferro was not a factor in bringing about Plaintiff's damages, if any, and therefore was not a cause thereof.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Substantial Factor)

The Complaint, and each cause of action stated therein, is barred on the grounds that the products and/or materials referred to in the Complaint in general and/or Ferro's 1,4-dioxane products in particular were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Independent, Intervening, or Superseding Cause)

Plaintiff's damages, if any, were proximately caused by the acts, omissions, conduct, and/or negligence of others, over whom Ferro had no control.  If Plaintiff suffered any

95658139

injuries or damages, such injuries or damages were caused solely by others, or were the direct and proximate result of the actions and/or negligence of others.  Such actions and/or negligence constitute a superseding and/or intervening cause of Plaintiff's alleged injuries and damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has received or hereafter receives any of the requested relief from a person or entity other than Ferro including a governmental agency, another named defendant in this action or other third party, Ferro is entitled to an appropriate setoff or reduction of any judgment against it.  Ferro expressly asserts as an affirmative defense the right of setoff or reduction of claim provided by General Obligations Law § 15-108(a).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Remote Risk)

The risk of injury or damage from the use of or exposure to the 1,4-dioxane products manufactured and sold by Ferro was extremely remote and thus Ferro had no duty to warn of such remote risks.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unforeseeable and Unanticipated Misuse or Alteration)

Ferro's 1,4-dioxane products were not used as instructed and intended but were subjected to unforeseeable and unanticipated misuse, abuse, alteration, and/or modification by others and said misuse, abuse, alteration, and/or modification was the proximate cause of the injuries and damages, if any allegedly suffered by Plaintiff.

95658139

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (State of the Art)

All activities of Ferro as alleged in the Complaint conformed to statutes, governmental regulations and industry standards based upon the state of technology and knowledge existing at the time alleged in the Complaint and each cause of action therein. Ferro's 1,4-dioxane products at all times were produced and marketed in conformity with the existing state-of-the-art.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (CPLR § 4545 Defense)

In the event Plaintiff recovers a judgment against Ferro in this case, such judgment must be reduced pursuant to CPLR § 4545(a).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Safer Alternate Design)

Ferro denies that its 1,4-dioxane products were unavoidably unsafe, but if there was any inherent design defect with respect to any product, such defects being expressly denied, such defect could not have been effectively eliminated without rendering the products incapable of reasonable use.  Furthermore, Plaintiff's claims are barred against Ferro, in whole or in part, by the doctrines contained in Restatement (Second) of Torts § 402(a), comment k.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Design Defect)

If Plaintiff was injured by a defective or unreasonably dangerous product as alleged, which is specifically denied, then the product was not defective or unreasonably

95658139

dangerous based upon the state of scientific and technological knowledge at the time the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Sophisticated User/Buyer/Intermediary)

Ferro sold its 1,4-dioxane products to sophisticated intermediary(ies), buyer(s) or user(s), giving said intermediary(ies), buyer(s) and user(s) adequate and complete warnings of any risk involved in the use of the products and, for that reason, Ferro had no duty to independently warn Plaintiff or others of the said risks and Plaintiff's claims are thereby barred.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Bulk Supplier)

Ferro sold its 1,4-dioxane products in bulk accompanied by adequate written warnings to distributors who subsequently packaged, labeled, and marketed the products.  For that reason, Ferro had no duty to independently warn of risks associated with the products, and Plaintiff's claims are thereby barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Ripeness)

To the extent Plaintiff presently has not suffered any cognizable harm or has not presently incurred any damages with respect to certain wells, there is no current case or controversy.  Plaintiff's claims accordingly are not ripe for adjudication since Plaintiff has suffered no injury or damages cognizable under any applicable laws.

95658139

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Preemption/ Primary Jurisdiction)**

Plaintiff's Complaint, and each cause of action stated therein, is preempted by applicable federal law.  Plaintiff's Complaint, and each cause of action stated therein, is also preempted or barred by the doctrine of primary jurisdiction to the extent the activities or conditions alleged in Plaintiff's Complaint have been, or are being, supervised by competent regulatory authorities, and Plaintiff's claims would interfere with and frustrate the purposes of the statutory scheme.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Right to Costs and Attorney's Fees)**

Plaintiff has no right to costs and attorney's fees in this action.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action for Punitive Damages)**

The Complaint, and each cause of action presented therein, fails to state facts constituting a claim for which punitive damages may be awarded against Ferro.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Claims Violate Due Process)**

The Complaint, to the extent it seeks punitive or exemplary damages, violates Ferro's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and/or the Constitution of the State of New York, and therefore fails to state a cause of action for which punitive or exemplary damages may be awarded.

95658139

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The Complaint, and each cause of action presented therein, is barred because

Plaintiff does not have standing to sue, including without limitation, because Plaintiff was not a

consumer of any of Ferro's 1,4-dioxane products and the regulations and public health goals

applicable here do not afford Plaintiff a private right of action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

To the extent that discovery may show or demonstrate, this Court lacks subject

matter jurisdiction.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Fraudulent Joinder)**

To the extent that discovery may show or demonstrate, Plaintiff has fraudulently

joined one or more Defendants.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Application of the Laws of Other State(s))**

To the extent that discovery may show or demonstrate, under the rule of comity,

and based upon the interests of all parties and the involved states, New York's interest in having

its laws applied is non-existent or does not predominate and the interests of Ferro and other states

will be impaired if their laws are not applied; therefore the laws of other states apply to the

parties and issues of this case.

95658139

### FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

Plaintiff's Complaint is prematurely brought and the allegations contained therein are not ripe for adjudication, in that Plaintiff has not exhausted all cognizable legal and administrative remedies and prerequisites prior to instituting the instant action.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Physical Impact)

Plaintiff's claims are barred because Ferro's conduct caused no physical impact to Plaintiff's property.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Other Compounds/Chemicals)

The injuries and damages, if any, alleged in Plaintiff's Complaint, are caused, in whole or in part, by the presence of compounds other than 1,4-dioxane.  Ferro is not liable for damages caused by compounds other than 1,4-dioxane.  In the event that liability is assessed against Ferro, such liability must be reduced where, and to the extent that, other compounds contributed to the alleged injury.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (Component Part Manufacturer)

Ferro manufactured and sold its 1,4-dioxane products as a component part accompanied by adequate written warnings to manufacturers who subsequently manufactured, packaged, labeled, and marketed the ultimate product(s).  For that reason, Ferro had no duty to independently warn Plaintiffs or others downstream of risks associated with the product(s) that

the intermediaries were in better position to guard against, and Plaintiff's claims are thereby barred.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

Ferro cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in the Complaint.  Accordingly, Ferro expressly reserves the right to assert additional defenses if and insofar as such affirmative defenses become applicable.

## INCORPORATION OF AFFIRMATIVE DEFENSES

Ferro incorporates herein by reference as if fully set forth all of the affirmative defenses raised by the other defendants in this action insofar as they are consistent with the positions taken by Ferro in this Answer.

## RESPONSE TO DEMAND FOR JURY TRIAL

Ferro objects to Plaintiff's demand for jury trial to the extent any of Plaintiff's claims or underlying issues are not triable by a jury.

\*       \*       \*

WHEREFORE, Ferro respectfully requests that this Court:

A.      Dismiss Plaintiff's claims and enter judgment in favor of Ferro;

B.      Award Ferro reasonable attorneys' fees incurred in defense of this action, including costs and expenses; and

C.      Award Ferro all further relief that the Court determines to be fair and just.

95658139

Dated: December 9, 2019
New York, New York

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:  /s/ *Robb W. Patryk*
Robb W. Patryk
Fara Tabatabai
Amina Hassan
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax:  (212) 422-4726
robb.patryk@hugheshubbard.com

*Attorneys for Defendant Ferro Corporation*

95658139

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that that on December 9, 2019, the foregoing Answer to Plaintiff's

Complaint and Jury Demand was electronically filed with the Clerk of Court using the Court's

CM/ECF system, which will send notification of such filing to all other counsel of record.


Dated:  December 9, 2019                                    /s/ *Robb W. Patryk*
        New York, New York                                    Robb W. Patryk

95658139